## HALL v. MADDOX.

[No. 20,098. Filed September 7, 1965. Rehearing denied October 13, 1965. Transfer denied April 7, 1966.]

*Joseph A. Noel,* of Kokomo, for appellant.

*Max C. Shirley, Ralph L. Helms,* and *Shirley & Helms,* of Kokomo, for appellee.

PRIME, P. J.—In 1949 the plaintiff-appellee herein, Raymond Maddox, entered into an agreement with one Carl Hig-

bee to manage a finance company for him. The business was to be called "Maddox Finance Company." The agreement provided that the appellee was to receive $300.00 per month salary and a commission of 50% of the net profits before taxes.

This relationship was entered into and continued until the death of Carl Higbee in December, 1954. At that time, Athel Higbee, the widow of Carl Higbee, became the sole owner of the business and it was agreed that the business would continue under the same arrangement and contract.

In March, 1956, Athel Higbee died leaving the defendant-appellant herein, Rowene Higbee Hall, an only child, as the sole owner of the finance company. The same agreement was continued between the two parties. That is, that the appellee was to continue as manager and was to receive $300.00 salary per month and 50% of the profits.

This relationship and contract was continued until February 11, 1958, when the appellant sold the business to another finance company and the Maddox Finance Company ceased to exist.

Appellee then brought this action in contract alleging that on the sale of the company there was a profit realized in the amount of $8,649.07 of which appellee was entitled to collect 50% or the sum of $4,324.53.

On March 14, 1962, the trial court entered its findings of fact, 15 in number, and its conclusions of law, 7 in number.

The court found that the plaintiff-appellee entered into a parol contract with one Carl Higbee in 1949 to act as manager of "Maddox Finance Company;" that it was agreed Raymond Maddox was to receive a salary of $300.00 per month and a bonus or commission of 50% of the net profits made by the company. That in 1954, Athel Higbee became the owner of the business and she agreed to continue the business and the same contract with the plaintiff; that plaintiff continued to manage said business until the death of Athel Higbee in

March, 1956; following this time, the defendant, Rowene Hall, as Executrix of the Estate of Athel Higbee, agreed to continue said contract and the business continued; that in May, 1956, the defendant became the owner of the business in her individual capacity and thereupon the plaintiff and defendant agreed to continue the business under the same contract that had existed. That the plaintiff did operate the business as manager from May 1, 1956, until February 11, 1958, when the defendant sold the business to General Finance Company; the defendant received the sum of $106,-416.02 for the sale of the business and there was a net profit of $8,649.07; that the defendant had not paid any part thereof to the plaintiff as required by the oral agreement; and that the plaintiff was entitled to judgment against defendant in the sum of $4,324.53.

Judgment was entered on the finding in the above amount.

Appellant filed her motion for a new trial which was overruled.

This appeal followed in which the assignment of error was the overruling of the motion for a new trial. The specifications of the motion were (1) the decision of the court was not sustained by sufficient evidence (2) the decision was contrary to law. All other specifications were waived.

The contract provided that the plaintiff was to receive a salary plus 50% of the profits. During a period of several years the books of the company were kept by one certain accountant. Plaintiff's Exhibit 8 is the profit and loss statement prepared by the accountant as of February 11, 1958. This exhibit shows as a final item at the bottom of the page for the period January 1 to February 11, 1958:

Profit—$8,649.07

During the trial of the case the accountant testified as follows on cross-examination:

"Q. I would direct your attention to plaintiff's exhibit #8 . . . you reflect a profit on the last line of Exhibit B, Plaintiff's Exhibit #8, you reflect a profit in the amount of some eighty six hundred dollars?

"A. That's right.

. . .

"Q. You still think that item of $8600.00 is properly designated in your financial statement as profit for the period shown?

"A. Yes."

We call attention here that the accountant, Joseph Kendall, was retained by the appellant to keep the books and that he was a witness for the appellant.

Touching upon the terms of the contract, the following testimony of the appellee appears in the record:

"Q. . . . After the expiration of the contract terms shown in Deft's. Exhibit A, did Mr. Higbee ask you to sign another written contract and did you or did you not sign a subsequent contract?

"A. No, we had an oral contract.

. . .

"Q. . . . You may state what you told Mr. Higbee in connection with that contract?

"A. I told him that I would not sign the contract with the clause that I felt like he would sell the business and if he did sell the business I would be out of work for six months so I might as well quit. He says, "No, here is what we will do, you get half the profit if the business is sold, and he also told me to build the reserve while taxes were high, to keep the reserve built up then maybe in later years the tax rate would be cheaper then maybe we could throw half of it into profit."

Additional testimony by appellee, Raymond Maddox:

"Q. What if any arrangements were made between you and the heirs or estate of Athel Higbee to continue the business?

"A. Mrs. Hall and I talked it over and she said for me to continue on with the business on the same basis, 50% of the profits and $300.00 salary."

Appellant argues that the appellee was to be paid for *running the business—not selling it.*

A calculation of profit, if any, was necessary in this case to carry out the terms of the contract. The business being sold was simply the event that brought about the necessity of a settlement between the parties here.

Therefore, the basic question to be answered by this court remains—what was the profit earned by the Maddox Finance Company as of February 11, 1958, (Exhibit 8) and what was the amount due the plaintiff-appellee on that date.

A great portion of this law suit and this appeal revolves around the question of whether or not the appellee was to share in any profit from the sale of the business. We find from the evidence that the appellee testified that he was told by Carl Higbee that "if the business is sold you will get 50% of the profit." This evidence was never contradicted.

Regardless of the fact that the company was being sold, the fact remains that an accounting and settlement had to be made between the parties.

The evidence before this court is the statement of profit and loss. In that statement there is a profit shown of $8,649.07. These are the figures submitted and prepared by the accountant who had been keeping the books for several years. This court cannot act as a Board of Accounts. The trial court was in a position to hear the witnesses, analyze the exhibits and reach a decision.

The trial court's findings on questions of fact will not be disturbed on appeal if there is evidence to support them. *Shedd* v. *Northern Indiana Public Service Co.* (1934), 206 Ind. 35, 41, 188 N. E. 322. Further in making this determination on appeal, only the evidence and inferences therefrom which tend to support the findings will be considered. *Isenhour* v. *Speece, Admr. et al.* (1958), 238 Ind. 293, 296, 150 N. E. 2d 749.

There is ample and sufficient evidence here to support the findings of fact and we hold that the decision is not contrary to law.

We, therefore, further hold that the court did not err in overruling the motion for a new trial.

The judgment is affirmed.

Carson, J., concurs. Faulconer, J., concurs in result.

While Judge Martin participated in the hearing of the oral argument and conference of the judges above named, he did not participate in the adoption of this final opinion.

NOTE.—Reported in 209 N. E. 2d 916.